Mr. William O. Monroe Auditor General G74 Claude Pepper Building 111 West Madison Street Tallahassee, Florida 32399-1450
Dear Mr. Monroe:
You ask my opinion on the following questions:
1. Is a state employee who volunteers for military active duty other than for training pursuant to the provisions of 10 United States Code section 12301(d) required to be placed on military leave by section 115.14, Florida Statutes, or any other provision of state or federal law, until separation from the military?
2. If such employee is required to be placed on military leave, must such leave status be maintained until separation from the military, even if military service is in excess of ten years?
3. If such employee is required to be placed on military leave, what benefits must be paid for by the employer and provided to the employee?
4. Notwithstanding the responses to the above questions, during the term of any military leave granted pursuant to section115.14, Florida Statutes, what benefits must be paid for by the employer and provided to the employee ?
As your questions are interrelated, they will be answered together.
According to your letter, the individual in question has volunteered for military active duty other than for training pursuant to 10 United States Code section 12301(d). That section provides:
"At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor or other appropriate authority of the State concerned."
Thus, it appears that the individual, although he or she volunteered, was ordered into active service.
Long-term military leave for state employees is governed by section 115.14, Florida Statutes, which provides:
"All employees of the state, the several counties of the state, and the municipalities or political subdivisions of the state shall be granted leave of absence under the terms of this law; upon such leave of absence being granted said employee shall enjoy the same rights and privileges as are hereby granted to officials under this law, insofar as may be, including, without limitation, receiving full pay for the first 30 days. Notwithstanding the provisions of s. 115.09, the employing authority may supplement the military pay of its officials and employees who are reservists called to active military service after the first 30 days in an amount necessary to bring their total salary, inclusive of their base military pay, to the level earned at the time they were called to active military duty. The employing authority shall continue to provide all health insurance and other existing benefits to such officials and employees as required by the Uniformed Services Employment and Reemployment Rights Act, chapter 43 of Title 38 U.S.C."[1]
Section 115.08(1), Florida Statutes, defines the term "active military service" as used in Chapter 115, Florida Statutes, as signifying
"active duty in the Florida defense force or federal service in training or on active duty with any branch of the Armed Forces or Reservists of the Armed Forces, the Florida National Guard, the Coast Guard of the United States, and service of all officers of the United States Public Health Service detailed by proper authority for duty with the Armed Forces, and shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave or other lawful cause."[2]
Nothing in section 115.14, Florida Statutes, indicates an intent to limit its terms to periods of active service in which Congress has declared war.[3] A review of the recent amendment to section 115.14
indicates that such amendment was prompted by concerns generated by the recent deployment of Florida National Guard troops to the Middle East.[4] Thus, section 115.14, Florida Statutes, would appear to control the leave and benefits of state employees called to military active duty other than for training pursuant to 10 United States Code section 12301(d).
Section 115.14, Florida Statutes, requires that such employees be granted leave of absence and receive full pay for the first 30 days of active military service. After such time, the employer may, but is not required to, supplement the military pay. The employer, however, is required to provide all health insurance and other existing benefits as required by the Uniformed Services Employment and Reemployment Rights Act, 38 United States Code chapter 43. While the statute clearly specifies that an employee is entitled to receive full pay for the first 30 days and permits supplemental pay after that date, it does not impose a limitation on the amount of leave that may be granted. Section 115.14, Florida Statutes, however, indicates an intent to extend to state employees the same rights and privileges as are granted to state officials for military leave.
Section 115.09, Florida Statutes, authorizes leave for public officials for military service and states that such officials "shall be granted leave of absence from their respective offices and duties to perform active military service, the first 30 days of any such leave of absence to be with full pay." The statute does not limit the duration of the leave granted but merely requires that the first 30 days of such leave be with full pay. Section 115.12(1), Florida Statutes, provides:
During such leave of absence such official shall be entitled to preserve all seniority rights, efficiency ratings, promotional status and retirement privileges. The period of active military service shall, for purposes of computation to determine whether such person may be entitled to retirement under the laws of the state, be deemed continuous service in the office of said official. While absent on such leave without pay, said official shall not be required to make any contribution to any retirement fund.
During the 2003 legislative session, subsection (2) was added to section 115.12, Florida Statutes, to provide that the employing authority "shall adhere to all the provisions contained in the Uniformed Services Employment and Reemployment Rights Act, chapter 43 of Title 38 U.S.C." In addition, section 115.13, Florida Statutes, provides that said officer terminating his or her active military service "shall enter upon the duties of office for the unexpired portion of the term for which he or she was elected or appointed, in accordance with the limits providedunder the Uniformed Services Employment and Reemployment RightsAct, chapter 43 of Title 38 U.S.C." (e.s.)
The above statutes indicate an intent that the rights enjoyed by an officer are to be governed by the provisions of the federal act. Pursuant to section 115.14, Florida Statutes, such rights are extended to employees. While the federal Uniformed Services Employment and Reemployment Rights Act relates to the reemployment of employees who have served in the uniformed services,[5]
it limits such reemployment rights, with certain exceptions, to a cumulative period of service in the uniformed service that does not exceed five years.[6] While the officer or employee is on such leave, he or she would be entitled to all seniority rights, efficiency ratings, promotional status and retirement privileges.
Regarding the provision of other benefits, section 115.14, Florida Statutes, specifically provides that the employing authority shall continue to provide all health insurance and other existing benefits to such officials and employees as required by the Uniformed Services Employment and Reemployment Rights Act. The federal act requires that an employee (and the employee's dependents) covered by a health plan in connection with his or her employment may elect to continue such coverage for a maximum period of eighteen months as specified by the act.[7] The federal provision states that a person who elects to continue his or her health-plan coverage under this section may be required "to pay not more than 102 percent of the full premium under the plan . . . associated with such coverage[.]"[8]
In sum, I am of the opinion that a state employee who is ordered into military active duty other than for training pursuant to the provisions of 10 United States Code section 12301(d) is entitled to a leave of absence, receiving full pay for the first 30 days. After that time, the employing authority may supplement the employee's military pay in an amount necessary to bring the employee's total salary, inclusive of his or her base military pay, to the level earned at the time the employee was called to active military duty. The period of military leave to which a state employee is entitled would, in my opinion, be governed by the provisions of the Uniformed Services Employment and Reemployment Rights Act, which limits reemployment rights, with certain exceptions, to a cumulative period of service in the uniformed service that does not exceed five years. In addition, such an employee would be entitled to continued coverage under all health insurance and other existing benefits required under the federal act. That act provides for a maximum period of coverage of eighteen months and further provides that the employee who elects to continue his or her health-plan coverage under this section may be required "to pay not more than 102 percent of the full premium under the plan . . . associated with such coverage."
Sincerely,
Charlie Crist Attorney General
CC/tall
[1] See also s. 115.09, Fla. Stat., relating to leave entitlement for public officials. And see s. 115.15, Fla. Stat., stating that failure to comply with the applicable provisions of 38 U.S.C. chapter 43 by any state, county or municipal officer shall subject such officer to removal from office.
[2] And see s. 115.08(2), Fla. Stat., defining "period of active military service" as beginning with the date of entering upon active military service, and terminating with death or a date 30 days immediately next succeeding the date of release or discharge from active military service, or upon return from active military service, whichever shall occur first.
[3] Compare s. 115.01, Fla. Stat., which provides for the granting of leave to state or county officials when called into active service of the United States "during war between the United States and a foreign government." But see s. 1.01(14), Fla. Stat., defining a veteran as one who has served during periods of wartime service which include, among others, conflicts other than wars declared by Congress. Attachments to your request refer to Attorney General Opinion 92-64. That opinion, however, related to leave for the Florida National Guard called to state duty pursuant to Ch. 250, Fla. Stat. Compare, Op. Att'y Gen. Fla. 98-43 (1998), which considered a public employer's responsibility to pay its employees called to active military duty under Ch.115, Fla. Stat., and stated that "Chapter 115, Florida Statutes, authorizes state and local governments to provide leaves of absence for officers and employees when they are engaged in military service."
[4] See Whereas Clauses to Ch. 03-72, Laws of Florida. And see
Senate Staff Analysis and Economic Impact Statement, CS/SB 1098, Committee on Military and Veterans' Affairs, Base Protection, and Spaceports, dated March 24, 2003.
[5] See 38 U.S.C. s. 4312(c). And see 38 U.S.C. s. 4316 stating that a person who is reemployed under the federal act is entitled to the seniority and other rights and benefits of seniority that the person had on the date of his or her commencement of service plus any additional seniority rights and benefits that person would have retained if that person had remained continuously employed. See also 38 U.S.C. s. 4318 relating to pension benefits.
[6] 38 U.S.C. s. 4312(c). Questions involving the interpretation of the federal act should be referred to the appropriate federal agency.
[7] 38 U.S.C. § 4317(a)(1), which provides that the maximum period of coverage of a person and the person's dependents under such an election shall be the lesser of:
"(A) the 18-month period beginning on the date on which the person's absence begins; or
(B) the day after the date on which the person fails to apply for or return to a position of employment, as determined under section 4312(e)."
[8] 38 U.S.C. s. 4317(a)(2).